REITTER STUCCO, INC., Appellee,

v.

DUCHARME, Appellant.

[Cite as *Reitter Stucco, Inc. v. Ducharme,* 193 Ohio App.3d 766, 2011-Ohio-2051.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 10AP–946.

Decided April 28, 2011.

Thompson Hine, L.L.P., Daniel F. Edwards and Jason R. Harley, for appellee.

John A. Ducharme, pro se.

TYACK, Judge.

{¶ 1} John A. Ducharme is appealing from the judgment entered against him in the Franklin County Court of Common Pleas. He assigns eight errors for our consideration:

    I.   The Trial Court erred by accepting Escrow Documents from the Defendant–Appellant's former counsel Kenneth Gamble, Gamble Hartshorn, LLC, without first having conducted a finding of facts.

    II.   The Trial Court erred when it failed to perform a finding of facts, especially with regard to the civil manifest weight of evidence provided by the Defendant–Appellant, which comprised of a copy of every payment made to the Plaintiff–Appellee totaling $373,199.55 constituting payment in full of the Repayment Agreement with no breach of contract.

    III.   The Trial Court erred when it failed to provide a detailed analysis and decision as to why it granted judgment in favor of the Plaintiff–Appellee.

    IV.   The Trial Court erred when it misled the Defendant–Appellant by issuing conflicting Orders and Entries, which are: Order to Reinstitute the Case and for Judgment per Consent on June 3, 2010, Entry Referring Required Mediation with a Pre–Trial for January 10, 2011 at 1:30 PM and the trial on February 28, 2011 then an Entry Vacating the August 19, 2010 Required Mediation and Removal of Case from the Common Pleas Court.

V. The Trial Court erred by Vacating the June 3, 2010 Order as it pertained to the scheduled mediation, pre-trial and trial, thereby denying justice to the Defendant–Appellant. Everyone is entitled to a trial.

VI. The Trial Court appointed Mediator erred by not providing the Defendant–Appellant an answer as to why there may not be a case, which was privy to the Plaintiff–Appellee.

VII. The Clerk of Courts erred on numerous occasions by not providing proper service to the Defendant–Appellant. Specifically,

i. Motion to Reinstitute Case and Enforce Judgment per Consent dated July 2, 2009.

ii. Order Reinstituting the Case and for Judgment per Consent dated June 3, 2010.

iii. Entry Vacating August 19, 2010 Requiring Mediation and Removal of Case dated September 20, 2010.

This caused significant difficulty for Defendant–Appellant to ensure timely filings to the Trial Court.

V[III]. The Trial Court's staff erred by not responding to the Defendant–Appellant's requests of September 24, 2010 and September 28, 2010 for clarification of the Trial Court Entry of September 20, 2010.

{¶ 2} Counsel for Reitter Stucco, Inc., has filed a motion asking that this appeal be dismissed on the theory that John Ducharme is not appealing from a final, appealable order and on the theory that John failed to appeal at the time a final, appealable order was issued. We must address the merits of that motion, since it raises a question about whether we have jurisdiction over this appeal.

{¶ 3} Reitter Stucco filed a lawsuit against John and Anne K. Ducharme on March 9, 1998. The lawsuit alleged that John Ducharme embezzled money from Reitter Stucco, some of which went to his wife Anne. Reitter Stucco sought to attach a significant amount of personal property of the Ducharmes before final judgment. John and Anne each retained separate counsel.

{¶ 4} In May 1998, a dismissal entry was journalized based upon an alleged agreement for John to repay funds that he had received from Reitter Stucco. At the same time, John signed a document labeled "Consent Judgment," which acknowledged a debt of $1,147,852, and a duty to pay interest on that debt at the rate of 10 percent per annum.

{¶ 5} Over ten years later, on July 2, 2009, Reitter Stucco filed a motion to reinstitute the case and enforce judgment based upon the consent-judgment document and served the motion on John's former counsel. No copy was sent to Anne's counsel or former counsel even though Anne was a party to the lawsuit, as indicated above.

{¶ 6} John's former counsel had stopped representing him, and John apparently began representing himself in 2009. John filed a "Motion to Deny Plaintiff's Motion to Reinstitute Case and to Enforce Judgment per Consent." Attached to the motion was an affidavit in which John admitted embezzling funds from Reitter Stucco over a seven-year period. He swore that he had repaid Reitter Stucco in full. He attached copies of a large number of checks that he had forwarded to Reitter Stucco.

{¶ 7} On July 31, 2009, counsel for Reitter Stucco filed a reply brief to John's motion. The reply brief set forth Reitter Stucco's theory as to why money was still owed. John filed a reply to the reply, reasserting that Reitter Stucco had been fully repaid.

{¶ 8} The judge originally assigned to the case had retired in the interim. On March 17, 2010, a new judge filed an entry ordering the removal of several motions from his docket, including the motion to reinstitute this case.

{¶ 9} On June 3, 2010, that judge signed an entry granting Reitter Stucco's motion to reinstitute the case and to grant judgment per consent. On August 13, 2010, counsel for Reitter Stucco filed a praecipe asking that the judgment be served upon John personally at his Arizona address but not sent to Anne. Apparently, the judgment was sent on or about August 16, 2010.

{¶ 10} Two days later, the judge signed a separate entry ordering reinstatement of the case and setting a case schedule. The judge also ordered mediation.

{¶ 11} On September 20, 2010, the judge signed an entry vacating the entries subsequent to his granting of judgment and ordered, "This case is hereby terminated."

{¶ 12} On October 4, 2010, John filed a notice of appeal. At the same time, he filed a motion to set aside the judgment rendered against him.

{¶ 13} We question whether Reitter Stucco's reinstatement of the case was proper. As noted, Reitter Stucco sought to reinstate the initial lawsuit against John and Anne Ducharme by simply filing a motion in the same case number and sending the motion to a former lawyer of only one party by regular mail. By way of analogy, we note that this court has held that enforcement of a valid settlement agreement may be sought either (1) by filing an independent action for breach of contract or (2) when the original action remains pending, by filing a supplemental pleading, pursuant to Civ.R. 15(E). *Castle King L.L.C. v. Atty. Gen. of Ohio*, 10th Dist. No. 10AP–735, 2011-Ohio-1496, 2011 WL 1137299, and cases cited therein. But when the action is no longer pending, we have not allowed a settlement agreement to be enforced through a motion filed in the original case alone. *Putnam v. Hogan* (Feb. 23, 1995), 10th Dist. No. 94APE07–1089, 1995 WL 78911. Applying these principles to the consent judgment at issue here, we

question, without deciding, whether the reinstatement was proper. And even if a motion was sufficient to reinstate the original case, we question, without deciding, whether regular mail service to John's former counsel alone was sufficient.

{¶ 14} Anne Ducharme was a party in the original action. With separate counsel, she signed the settlement agreement. When the trial judge signed an entry reinstating the lawsuit, he reinstated a lawsuit filed against both John and Anne Ducharme. The later entry resolved the lawsuit as to John but did not address the effect upon Anne, a named defendant. Under the circumstances, the lawsuit remains pending against Anne, and we have no final, appealable order.

{¶ 15} The motion to dismiss this appeal is granted, and this appeal is hereby dismissed for lack of a final, appealable order.

Motion to dismiss granted.

FRENCH and CONNOR, JJ., concur.